Wilde J.
delivered the opinion of the Court.* This case comes before us on an appeal from a decree of the judge of probate for this county, appointing a trustee under the last will and testament of the late John McLean, in the room and stead of the appellee, the only surviving trustee under the will, who had made application to the probate court for permission to resign his trust and to be fully discharged therefrom, in conformity with one of the provisions contained in the will.
From the reasons of appeal we do not understand that the appellants make any objection to the appointment of Lowell, the new trustee; but they contend that by the true construction of the will, and of the statute relating to the matter, the judge of probate was bound to appoint another trustee to act jointly with Lowell for the purpose of perpetuating the trust; and that the refusal of the judge of probate to appoint another trustee in pursuance of the application and request of the appellants, who have an interest in the trust fund, is erroneous and ought not now to be affirmed.
[Here the judge stated the bequest of the 50,000 dollars and recited the clause in the will before quoted, respecting the appointment of new trustees.]
The first question arises on the construction of this clause in the will. It hardly, however, admits of a question, for the intention of the testator is manifest, and the language of the will clearly directs, that when either of the trustees should die, or resign his trust, &c. a new trustee was to be appointed. The testator appointed two trustees to manage the fund, for such reasons as were satisfactory to him, and the same reasons must have operated on his mind in providing for continuing the same number of trustees, until the interesting and important trusts created by the will should be fully performed and executed. The language of the clause in the will referred to cannot be reconciled, by any reasonable construction, to the *454 supposition that this matter was intended to he left to the discretion of the judge of probate.
But it has been argued, that the directions in the will as to the appointment of trustees, whatever construction may be given to them, were not binding upon the judge of probate, and that, by law he had authority to appoint one or more trustees at his discretion. No authority was cited to support the position, that the directions of the will are not binding, ano it is not easy to perceive any good reason why they should! not be binding in respect to the security and management of the trust fund, as well as m respect to the disposition of the income of the fund, and of the fund itself. On the contrary, there is a strong implication that such directions are binding upon the judge of prohate, in the 40th section of the statute of 1817, c. 190.
In that section it is enacted, “ That in case any person, who has been or shall be appointed a sole trustee, or any two or more persons, who have been or shall be appointed joint trustees in any last will, no provision being therein made for perpetuating such trust, and such sole trustee or any one or more of such joint trustees shall decline the acceptance of the trust, or shall die either before or after having accepted the trust, or shall neglect or refuse to comply with the provisions of this act, the respective judges of probate shall, after notice to the cestui que trusts, appoint one or more suitable persons to be trustee or trustees, in the place of the trustee or trustees so dying or declining to accept as aforesaid.” The limiting the power of the judge of probate .under the statute to cases where no provision is made in a will for perpetuating the trust, is not, it is true, a declarative law, that where provision is made for that purpose it shall be binding, but it contains an implied declaration to that effect, which would seem to be equivalent to an express declaration.
We, however, consider it immaterial in this case, whether the directions in the will are binding or not; because if the statute of 1817 regulates the power of the judge of probate, we think it must lead to the same conclusion ; and that under that statute the judge of probate was bound to appoint two trustees.
*455 By the 40th section he was bound certainly, after, the death of the late Jonathan Amory, to appoint a new trustee in his place ; and he was equally bound to make the appointment on application of any party interested in the trust fund, after he had accepted the resignation of the other trustee.
By the 39th section any trustee is permitted, upon request m writing, to resign his trust, “ first accounting for and paying and delivering over such estate, as shall have come to his hands by virtue of such trust, to such other person as the said judge shall appoint a trustee in his stead.” By this section, if there had been no directions in the will for perpetuating the trust, or if the directions were void, or of no binding effect on the judge, he would have been bound nevertheless to appoint a new trustee, in the place of Francis Amory, after he had accepted his resignation and upon his compliance with the requisitions of the statute ; and Lowell was appointed in the place of Francis Amory ; but no one was appointed to supply the place of the deceased trustee, although application was made by the appellants for the appointment of two trustees. This, we think, was not in compliance with the directions in the will for perpetuating the trust, nor with the requisitions ol the statute.
We think therefore that an additional trustee must be appointed,' and the papers are to be remitted to the prooate court for further proceedings.[1]

 Putnam J. did not sit in the case.

 See Rev. Stat. c. 69, § 8.